UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LONZA NEAL, | ) | CASE NO. 5:09 CV 1780 |
| | ) | |
| Plaintiff, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| CHAPEL HILL MALL, LLC, *et al.*, | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On July 31, 2009, *pro se* plaintiff Lonza Neal filed this action under 42 U.S.C. §§ 1983 and 1985 against Chapel Hill Mall, LLC, ERMC of America, LLC, ERMC II Lp, Adam Tully, Attorney Robert C. Meeker, Attorney Christopher B. Cogeni, John Doe #1, John Doe #2, Jane Doe #1, and Jane Doe #2. In the complaint, plaintiff asserts his civil rights were violated in the course of a criminal prosecution. He seeks monetary damages.

**Background**

Mr. Neal contends he was walking to his apartment in Chapel Hill Towers on July 31, 2007, when he was accosted by Chapel Hill Mall Security Guard Adam Tully. He states Mr. Tully approached him in a mall security vehicle and asked if he could speak with him. Mr. Neal stopped walking and Mr. Tully got out of the car, blocking Mr. Neal's path to his apartment. He

claims that when he told Mr. Tully not to come any closer, Mr. Tully used his walkie-talkie to summon the assistance of other security guards. Mr. Neal claims that Mr. Tully used a martial arts maneuver to back into him, grab his arms and place them around Mr. Tully's abdomen so that it appeared that Mr. Neal was giving Mr. Tully a "bear hug" from behind. (Compl. at 5.) He claims Mr. Tully then dropped down to the asphalt making it appear that Mr. Neal was the aggressor. As other security personnel approached, Mr. Neal grabbed Mr. Tully's flashlight and then released it. Mr. Tully pointed out the action to the other security guards and asked the officers to handcuff Mr. Neal. Akron police were called to the scene and Mr. Neal was arrested. He was charged with assault. He was taken to the Summit County Jail where he was listed as a "non-violent mentally unbalanced prisoner."   (Compl. at 6.)

Mr. Neal claims he telephoned his former employer, Attorney Robert C. Meeker of Blakemore, Meeker, and Bowler, LPA, and asked for legal representation. Mr. Meeker referred him to Attorney Christopher Congeni, an associate in his firm who handles criminal law matters. Mr. Neal spoke with Mr. Congeni and decided to retain him as counsel.

Mr. Neal was not satisfied with the representation he received from Mr. Congeni. He contends Mr. Congeni presented him with a plea agreement, which he declined. He states a trial date and a jury status review hearing were set. Mr. Congeni missed the jury status review review which had to be rescheduled. Mr. Congeni called Mr. Neal prior to the rescheduled hearing and told him the charges had been dropped. He asked Mr. Neal to come to court the next business day and sign papers. Mr. Neal claims that when he arrived he was told the paperwork had already been signed by Mr. Congeni for Mr. Neal.   He asked for a copy of the dismissal order and was told he could obtain a copy from the court when it was filed. The copy Mr. Neal received contained language prohibiting him from entering onto mall property and from having contact

with Mr. Tully. Mr. Neal informed Mr. Congeni that he did not agree to those conditions and asked him to have them removed. He claims Mr. Congeni failed to do so. Mr. Neal filed a *pro se* motion to amend the judgment. The dismissal was vacated and reset for trial on the court's docket. The charges were eventually dismissed without conditions, on November 2, 2007.

Mr. Neal asserts claims under 42 U.S.C. §§ 1983 and 1985. He states that the defendants conspired to deprive him of due process and equal protection of the law. He contends "[...] the Defendants, all educated professional[s], individually, jointly and severally acted knowingly, maliciously, or in wanton, or reckless disregard of their duties and Plaintiff's rights, causing him humiliation, shame, anguish, and emotional distress." (Compl. at 12.) He seeks $1,000,000.00 from each defendant for every day he was incarcerated, and punitive damages in the amount of $10,000,000.00.

**Analysis**

While *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court may dismiss an action *sua sponte* if the complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as to deprive the court of jurisdiction. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (*citing Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). The claims asserted in this action satisfy these criteria.

I. <u>42 U.S.C. § 1983</u>

Mr. Neal indicates in the caption of his pleading that he is asserting claims under 42 U.S.C. § 1983. To establish a prima facie case under 42 U.S.C. § 1983, plaintiff must assert that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535

3

(1981). Generally to be considered to have acted "under color of state law," the defendant must be a state or local government official or employee. All of these defendants, however, are private parties. A private party may be found to have acted under color of state law to establish the first element of this cause of action only when the party "acted together with or [...] obtained significant aid from state officials" and did so to such a degree that its actions may properly be characterized as "state action." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). A party may also be considered a state actor if the party exercises powers traditionally reserved to a state. *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 352 (1974). There is no reasonable indication in the pleading that Chapel Hill Mall, LLC, ERMC of America, LLC, ERMC II LP, or Adam Tully engaged in conduct which could be described as state action.

A party also may be considered a state actor if he or she performs a "public function." *Jackson v. Metropolitan Edison Co*., 419 U.S. 345, 352 (1974). Although it is term the "public function" test, a private actor may not be deemed to have acted under color of state law simply by performing a public function. *Rockwell v. Cape Cod Hosp*., 26 F.3d 254, 258 (1st Cir. 1994). Rather, the private actor must perform a public function which has traditionally and exclusively been reserved to the State. *Jackson*, 419 U.S. at 352. This test is difficult to satisfy. "While many functions have been traditionally performed by governments, very few have been exclusively reserved to the State." *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1456 (10th Cir. 1995); *see also Chapman v. Higbee Co*., 319 F.3d 825, 833-34 (6th Cir. 2003) (explaining that "the public function test has been interpreted narrowly"). "Only functions like holding elections, exercising eminent domain, and operating a company-owned town fall under this category of state action." *Id*. In short, "a State normally can be held responsible for a private decision only when it has exercised coercive power or has provide such significant

4

encouragement, either overt or covert, that the choice must in law be deemed to be that of the State." *West v. Atkins*, 487 U.S. 42, 52 n. 10 (2988) (internal quotations omitted).

While the Supreme Court has not directly addressed the question of whether and under what circumstances private security guards may be said to perform a public function for purposes of § 1983," *Romanski v. Detroit Entm't, L.L.C.*, 428 F.3d 629, 636 (6th Cir. 2005), the Sixth Circuit has held that the mere fact that a private security guard may temporarily detain a patron or investigate a crime, does not transform the guard into a state actor." *Chapman,* 319 F.3d at 834 (citing *Wade v. Byles*, 83 F.3d 902, 905 (7th Cir. 1996); *Gallagher*, 49 F.3d at 1457; *White v. Scrivner Corp.*, 594 F.2d 140, 142-43 (5th Cir. 1979)). There are instances, however, when the performance of certain functions by a private security officer crosses the line from private action to state action. The key distinction between state action and actions of a private party lies in whether the private defendant's police powers delegated by the State are plenary, or merely police-like. For example, the Seventh Circuit has held that private police officers licensed to make arrests could be state actors under the public function test. *See Payton v. Rush-Presbyterian-St. Luke's Med. Ctr.*, 184 F.3d 623, 627-30 (7th Cir. 1999). Similarly, private security officers licensed by the state who worked in a casino acted under color of state law when they detained, arrested, and escorted a woman from the casino premises. *Romanski*, 428 F.3d at 638. Crucial to the Sixth Circuit's decision was the fact that the officers were licensed under a Michigan statute. In contrast, hospital security guards who had authority to patrol and eject people but not to carry guns or make formal arrests were not state actors. *See Johnson v. LaRabida Children's Hosp.*, 372 F.3d 894, 896-97 (7th Cir. 2004). In addition, a private institution's security employees who are dispatched to protect its interests or enforce its policies by availing itself of the common law shopkeeper's privilege are not considered state actors. *Chapman*, 319 F.3d at 833-34. Mr. Tully

5

was retained to protect the patrons and vendors of Chapel Hill Mall. Although Mr. Neal provides very little information in his complaint, it appears he was detained by Mr. Tully while other security guards summoned Akron Police who arrested Mr. Neal. There are no factors alleged in the complaint which reasonably suggest Mr. Neal was performing a state action.

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To meet this pleading requirement, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* A claim is plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The plausibility standard is not the same as a "probability requirement," but it asks for more than the mere possibility that a defendant has acted unlawfully. *Id*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* There are no facts in the pleading which suggest Mr. Neal has a plausible claim against Mr. Tully under § 1983.

Finally, a privately retained attorney hired for the purpose of bringing a suit for monetary damages or defending an individual in a criminal prosecution is not considered a state actor under 42 U.S.C. § 1983. *Washington v. Brewer*, No. 91-1935, 1991 WL 243591 (6th Cir. Nov. 21, 1991); *see also Polk County v. Dodson*, 454 U.S. 312, 321 (1981). The complaint contains no other allegations against Robert Meeker or Christopher Congeni which could reasonably be construed as acting "under color of state law." Mr. Neal fails to establish one of the basic elements of a cause of action under 42 U.S.C. § 1983, and his claims under this statute are dismissed.

II. 42 U.S.C. § 1985

Mr. Neal's case caption also states he intends to assert claims under 42 U.S.C. §1985. To state a claim for conspiracy to deprive a person of equal protection under the law pursuant to 42 U.S.C. § 1985, a plaintiff must allege: (1) a conspiracy of two or more persons; (2) with the purpose to deprive, directly or indirectly, a person or class of persons of equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) which causes injury to the person or property of plaintiff or deprivation of any right or privilege of a citizen of the United States. *Vakilian v. Shaw,* 335 F.3d 509, 518 (6th Cir.2003) (citing *United Bhd. of Carpenters & Joiners of Am. v. Scott,* 463 U.S. 825, 828-29 (1983)). The acts that allegedly "deprived the plaintiff of equal protection must be the result of class-based discrimination." *Id.* (citing *Newell v. Brown,* 981 F.2d 880, 886 (6th Cir.1992)). A plaintiff fails to state an adequate claim if his allegations are premised upon mere conclusions and opinions. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009); *Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir.1987). A plaintiff must make sufficient factual allegations to link two or more alleged conspirators in the conspiracy and to establish the requisite "meeting of the minds" essential to the existence of the conspiracy. *McDowell v. Jones,* 990 F.2d 433, 434 (8th Cir.1993) (holding that plaintiff failed to state a claim for conspiracy pursuant to § 1985 for failure to allege a meeting of the minds).

Mr. Neal has failed to properly allege a conspiracy claim pursuant to § 1985. He makes only conclusory allegations that the defendants acted in concert and has failed to plead facts showing an agreement between two or more persons existed to discriminate against a protected class of citizens. Mr. Neal alleges he disagreed with the way in which his attorney represented him in a criminal action. He indicates concessions in favor of the State were made without his consent. These allegations, however, do not establish any sort of "meeting of the

minds" between coconspirators. There is also no suggestion that the defendants intended to discriminate against the plaintiff based on criteria such as race, gender, or national origin. Mr. Neal therefore has failed to allege a claim for conspiracy pursuant to § 1985.

## Conclusion

For all the foregoing reasons, this action is **DISMISSED**. The court **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

**IT IS SO ORDERED**.

Dated: September 23, 2009

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[1] 28 U.S.C. § 1915(a)(3) provides, in pertinent part:

An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.